UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL PERRY OSWALD,

    Plaintiff,

v.                                        Case No. 25-cv-0501-bhl

DR. RAASCH,
CO GUERRERO, and
JOHN AND JANE DOES,

    Defendants.

## SCREENING ORDER

Plaintiff Daniel Perry Oswald, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Oswald's motion for leave to proceed without prepaying the full filing fee, his motion to appoint counsel, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Oswald has requested leave to proceed without prepaying the full filing fee or *in forma pauperis* (IFP). A prisoner plaintiff proceeding IFP is required to pay the full amount of the $350.00 filing fee but can make payments over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Oswald has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $21.82. Oswald's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Oswald seeks to pursue three unrelated claims. First, he explains that, on October 23, 2024, when he arrived at MSDF, his prescriptions for various pain medications were abruptly cancelled, causing him to experience severe withdrawal symptoms. Oswald asserts that he was not placed in a detox cell, nor was he given medication to lessen his withdrawal symptoms. Oswald states that he defecated on himself several times and experienced extreme pain. He states that "Dr. Raasch, HSU Manager, special needs committee, Dr. John Doe "Chester" and Jane and John doe nurses were aware and [i]nvolved in this." Dkt. No. 1 at 3-4.

Next, Oswald asserts that, on December 11, 2024, CO Marcelino Guerrero "conspired" with another inmate when, contrary to his supervisor's orders, he opened Oswald's cell door before the other inmate was locked into his cell. This allowed the other inmate to enter Oswald's cell and assault him. Dkt. No. 1 at 4.

Finally, Oswald explains that he has had a lower tier restriction since 2015, but on December 29, 2024, the health services manager and special needs committee cancelled his restriction. Oswald asserts that, despite pleading with officers not to be moved, he and his cellmate were moved to an upper-tier cell. Oswald states that, less than a week later, on January 4, 2025, he woke up and could barely move due to his medical conditions. He states that his cellmate pushed the emergency call button, but Sgt Schultz refused to call health services. About three hours later, Oswald attempted to go down the stairs to go to the dayroom, but he fell face-first down about twenty-five stairs. Oswald explains that he suffered a concussion and extreme pain in his entire body. Dkt. No. 1 at 4-5.

# THE COURT'S ANALYSIS

The Seventh Circuit has instructed that, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, *George* reminds district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case. *Id*. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Oswald's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple sets of defendants. Oswald seeks to assert: (1) a claim against Dr. Raasch and other medical staff based on the abrupt cancellation of certain prescriptions and the failure to place him in a detox cell; (2) a claim against CO Guerrero based on his failure to protect Oswald from another inmate; and (3) a claim against unidentified medical and correctional staff based on their deliberate indifference to his medical condition and the cancellation of his lower-tier restriction. *George* instructs that such "buckshot complaints" should be "rejected." 507 F.3d at 607. The Court will give Oswald an opportunity to file an amended complaint to choose which of the

4

unrelated claims he would like to pursue in this action. Oswald may pursue the other claims in separate cases, but he will be required to pay the filing fee for every new case he files.

Oswald is reminded that §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under §1983, nor does §1983 create collective or vicarious liability. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). That means that, with respect to any claim Oswald pursues in his amended complaint, he must identify the individuals who he believes were responsible for the violation of his rights and he must explain what he believes each person did or did not do to violate his rights (Oswald can use a Doe placeholder if he does not know a particular individual's name, but he should avoid vaguely referring to undefined groups of people). Simply saying a person "was involved" is not sufficient to provide notice of the claim and the ground upon which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To state a claim, Oswald must provide specific facts about what a person did or did not do, where and when it happened, and how that person's actions or inaction impacted him. Oswald should craft his amended complaint like he is telling a story to someone who knows nothing about what happened.

If Oswald wants to continue, he must file an amended complaint on or before **June 16, 2025**. Oswald is advised that the amended complaint will replace the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in

accordance with 28 U.S.C. §1915A. The Court will provide Oswald with a blank amended complaint form. Oswald must use the form. *See* Civil L. R. 9(b).

## MOTION TO APPOINT COUNSEL

Oswald explains that in September 2024 he was in a "horrific" motorcycle accident that resulted in two brain bleeds. He states that since then he has had difficulty with his memory and with communicating. He asks, through his cellmate who helped Oswald prepare his complaint and motion to appoint counsel, that the Court recruit counsel to represent him. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

It appears that Oswald has satisfied the first prong of the standard. *See* Dkt. No. 2-1 at 12. Nevertheless, the Court will deny his motion because he appears capable of representing himself during the early stages of this case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical

6

limitations and any other characteristics that may limit the plaintiff's ability to litigate the case."
*Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Based on the quality of the letter that Oswald wrote to lawyers in an effort to locate counsel without the Court's help, *see* Dkt. No. 2-1 at 14, and the inmate complaints and supporting declaration that he prepared, *see id*. at 17, 20, 27, the Court concludes that Oswald has the literacy, communication skills, and intellectual capacity to represent himself at this stage of the case. Indeed, the documents that Oswald prepared himself appear to be of better quality than those his cellmate prepared on his behalf. Oswald asserts that the primary challenge he faces from his accident is memory loss, and it is unclear how a lawyer would help him remember facts that only he has personal knowledge of. Further, the psychological evaluation that Oswald provided suggests his overall functioning is in the low average range, consistent with his education background and, frankly, similar to many prisoner plaintiffs who have had trauma-filled lives and limited education. *See* Dkt. No. 2-1 at 1-10. The report also notes that Oswald "would benefit from remaining cognitively stimulated," and suggested memory strategies that will help him while he litigates this case, including taking notes, using a calendar or notepad, and frequently reviewing written instructions. Based on the foregoing, the Court believes that many of the challenges Oswald faces can be addressed by allowing him more time to complete tasks, so Oswald is encouraged to keep the Court informed if he believes he needs more time to comply with a deadline. The Court will not needlessly delay resolution of this case, but it will extend deadline upon request when good cause exists.

At this point, all Oswald must do is prepare an amended complaint, and the Court is confident he can do this without the assistance of counsel. Oswald is encouraged to closely review the guide the Court will send along with this decision. This guide includes information, including

a glossary of legal terms, that Oswald may find helpful should this case proceed. The Court will therefore deny Oswald's motion to appoint counsel. If new challenges arise that he does not believe he can overcome, he may renew his motion. If he does so, he should describe in detail what challenges he is facing and what efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Oswald's motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Oswald's motion to appoint counsel (Dkt. No. 2) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **June 16, 2025**, Oswald may file an amended complaint curing the defects in the original complaint as described in this decision. The Court has provided Oswald with forty-five days instead of thirty days as an accommodation for the challenges he identified in his motion to appoint counsel.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Oswald a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Oswald shall collect from his institution trust account the $328.18 balance of the filing fee by collecting monthly payments from Oswald's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Oswald is transferred to another institution, the transferring institution shall forward a copy of this Order along with Oswald's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Oswald is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Oswald is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on May 6, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge