UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DANIEL PERRY OSWALD,

          Plaintiff,

       v.                                    Case No. 25-cv-0501-bhl

CO GUERRERO,

          Defendant.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Daniel Perry Oswald, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 6, 2025, the Court screened the complaint and, after concluding that the complaint violated Rules 18 and 20 of the Federal Rules of Civil Procedure, gave Oswald the opportunity to file an amended complaint. The Court also denied Oswald's motion to appoint counsel without prejudice. On May 16, 2025, Oswald filed a motion for reconsideration of the Court's denial of his request for appointed counsel, and, on May 19, 2025, he filed an amended complaint. This Order will screen Oswald's amended complaint and address his motion for reconsideration.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Oswald, on December 30, 2024, Defendant Officer Guerrero purposely opened Oswald's cell door so that another inmate could assault him. Oswald explains that Guerrero's supervisor specifically instructed him not to open the cell door until the dayroom was

2

closed and all other inmates were locked in. Despite this instruction, Guerrero allegedly opened Oswald's door and then walked away. Oswald alleges that he has heard Guerrero state that "he is down with the posse," which "may insinuate some slang for gang affiliation." Oswald explains that, as a result of the other inmate entering his cell and attacking him, he suffered extreme pain to his head, back, and ribs.

## THE COURT'S ANALYSIS

Prison officials have a duty to protect prisoners from objectively serious harm if they have actual knowledge of the impending harm. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Oswald states a failure-to-protect claim against Guerrero based on allegations that, despite being instructed not to open Oswald's cell door until after all other inmates were in their own cells, he opened Oswald's cell and then walked away, allowing another inmate to enter Oswald's cell and attack him. From these allegations, the Court can reasonably infer that Guerrero was deliberately indifferent to the risk of harm the inmate posed to Oswald.

## MOTION FOR RECONSIDERATION

On May 6, 2025, the Court denied without prejudice Oswald's motion to appoint counsel. The Court concluded that, although Oswald reports that he suffers from memory problems, based on the quality of the letter that he wrote to lawyers in an effort to locate counsel without the Court's help, *see* Dkt. No. 2-1 at 14, and the inmate complaints and supporting declaration that he prepared on his own, *see id*. at 17, 20, 27, Oswald has the literacy, communication skills, and intellectual capacity to represent himself during the early stages of the case. Dkt. No. 10 at 6-7. The Court noted that many of the challenges Oswald faces can be addressed by allowing him more time to complete tasks, so the Court encouraged Oswald to keep the Court informed if he believes he needs more time to comply with a deadline.

About a week after the Court denied without prejudice Oswald's motion to appoint counsel, Oswald filed a motion for reconsideration. He asserts that on May 12, 2025, he was deemed incompetent to stand trial in *Wisconsin v. Oswald*, Racine County Case No. 2024CM1096. The Court notes that Oswald was determined to be "incompetent at this time" with the clarification that he "is likely to regain competency." Oswald was ordered to receive inpatient treatment at the prison where he is currently confined. *See* Wisconsin Circuit Court Access, *available at* wcca.wicourts.gov (*Wisconsin v. Oswald*, Case No. 2024CM001096). Regardless, while a determination of incompetency to stand trial in his criminal case is relevant to the Court's analysis of whether he has the capacity to represent himself in this civil action, it is not determinative.

The Court continues to believe based on the quality of the documents that Oswald has prepared on his own that he has the capacity to represent himself during the early stages of this case, especially because Oswald's claim is straightforward and will largely turn on his retelling of what happened. To the extent Oswald has trouble remembering certain details such as dates, names, and times, he may rely on documents such as incident reports, many of which he already has in his possession. *See* Dkt. No. 2-1 at 15-16, 19-22. Again, the Court encourages Oswald to closely review the guide the Court sent along with the original screening order. As previously explained, this guide includes information, including a glossary of legal terms, that Oswald may find helpful as he litigates this case.

The Court will therefore deny Oswald's motion for reconsideration of the Court's denial without prejudice of his motion to appoint counsel. If *new* challenges arise that Oswald does not believe he can overcome on his own, he may renew his motion. If he does so, he should describe in detail what challenges he is facing and what efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Oswald's motion for reconsideration (Dkt. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Oswald's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Guerrero.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Guerrero shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on May 23, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge